IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2014

## DONNA LEIGH PEARSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2009-D-3042, 2009-D-3183      Cheryl Blackburn, Judge**

_____

**No. M2013-02539-CCA-R3-PC - Filed September 15, 2014**

_____

The petitioner, Donna Leigh Pearson, appeals the summary dismissal of her amended petition for post-conviction relief. Because the post-conviction court erred by summarily dismissing the amended petition as conceded by the State, the case is remanded to that court for an evidentiary hearing solely on the issue of counsel's handling of the delayed direct appeal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Donna Leigh Pearson, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Stacey Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner pleaded guilty in case number 2009-D-3042 to one count of burglary and in case number 2009-D-3183 to one count of theft of property valued at $1,000 or more but less than $10,000. Following a sentencing hearing, the trial court imposed Range III sentences of 10 years for both convictions, ordered the sentences to be served consecutively, and denied all forms of alternative sentencing. *See Donna Leigh Pearson v. State*, No. M2011-00216-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, Mar. 23, 2012). The petitioner filed a notice of appeal in this court but moved for, and was granted, voluntary dismissal of her appeal. *See id.*, slip op. at 14 ("The record indicates that the [p]etitioner did perfect an appeal in this case, and this [c]ourt gave her an appeal number.

The [p]etitioner voluntarily withdrew her appeal, presumably based upon the inaccurate advice she received from the prison law clerks."). Thereafter, the petitioner filed a pro se petition for post-conviction relief, alleging that she was denied the effective assistance of counsel and that her guilty pleas were not knowingly and voluntarily entered. *See id.* The post-conviction court granted the petitioner a delayed appeal for the purpose of challenging her sentence but denied the remaining claims for relief. *See id.*, slip op. at 10.

In the delayed appeal that followed, the petitioner challenged the length of her sentence as well as the denial of alternative sentencing. We affirmed the denial of post-conviction relief as well as the sentence imposed by the trial court, observing, as is relevant to the petitioner's claim in this case, "Because the [p]etitioner was on bond for one of the offenses when she committed the other offense, consecutive sentencing was mandatory." *Id.*, slip op. at 15-16. Our supreme court denied the petitioner's application for permission to appeal. *See Donna Leigh Pearson v. State*, No. M2011-00216-SC-R11-PC (Tenn. Aug. 16, 2012).

The petitioner then filed in this court an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. In her application, the petitioner claimed that "the trial court after granting her a delayed direct appeal, should have stayed further proceedings on the post-conviction petition to allow the [petitioner] the opportunity to amend her petition to include any additional grounds for relief which may have arisen during the delayed direct appeal" and sought to amend her original petition. *Donna Leigh Pearson v. State*, No. M2012-02609-CCA-R10-CO (Tenn. Crim. App., Nashville, Jan. 17, 2013) (Order). We denied the petitioner's application for extraordinary appeal but noted that Rule 28 of the Rules of the Tennessee Supreme Court would permit the petitioner to amend her original petition to include any "new issues cognizable in a post-conviction proceeding [that] result[ed] from the handling of the delayed appeal." *Id.*

On February 12, 2013, the petitioner filed an amended petition for post-conviction relief pursuant to Supreme Court Rule 28, claiming that her appellate counsel performed deficiently when handling the delayed appeal by failing to challenge the trial court's ruling that consecutive sentencing was mandatory in this case. She claimed that although she did commit new offenses while on bond, she did not commit either of the conviction offenses while on bond and that all of the new charges she incurred while on bond in the conviction cases were dismissed upon her pleas in these cases. Thus, the petitioner claimed, she was not on bond in one of the cases that resulted in conviction when she committed the offense in the other case that resulted in conviction. As a result, the petitioner maintains, the law did not mandate the imposition of consecutive sentences. *See* Tenn. R. Crim. P. 32 (c)(3)(C); T.C.A. § 40-20-111(b) (deeming consecutive sentencing mandatory when a defendant commits a felony while on bond and the defendant is subsequently

convicted of both offenses). The petitioner insisted that appellate counsel performed deficiently when handling the delayed appeal by failing to properly frame the consecutive sentencing issue so that it could be addressed by this court.

The post-conviction court summarily dismissed the amended petition, finding that the petition "contains no new issues; all issues raised have been addressed in [the p]etitioner's direct appeal or during her original post-conviction evidentiary hearing." In its order denying relief, the post-conviction court again noted that consecutive sentences were imposed "as an operation of law since [the p]etitioner committed the offenses while on bond." The court observed that the order of the convictions was irrelevant so long as the petitioner was convicted of both the offense for which she was on bond and the offense committed while on bond. The court did not, however, address the petitioner's specific claim that appellate counsel performed deficiently by failing to present her claim that consecutive sentencing was not mandatory in her case. The State concedes that the trial court erred by summarily dismissing the petition and avers that if the petitioner's claim is true, she may be entitled to post-conviction relief due to appellate counsel's deficient handling of the delayed appeal. The State contends that the case should be remanded to the post-conviction court for an evidentiary hearing on the petitioner's claim.

We are inclined to agree with the State that, at this point, the petitioner is entitled to an evidentiary hearing. Supreme Court Rule 28, section 9 provides: "Where a delayed appeal is granted and the petitioner is unsuccessful on appeal, and new issues cognizable in a post-conviction proceeding result from the handling of the delayed appeal, the petitioner may amend the original post-conviction petition to include such new issues." Tenn. Sup. Ct. R. 28, § 9(D)(3)(a). The issue whether appellate counsel performed deficiently by failing to raise the claim that consecutive sentencing was not mandatory in this case arose specifically "from the handling of the delayed appeal." In consequence, the petitioner is entitled to an evidentiary hearing on this single claim of ineffective assistance of counsel. We note that a free-standing claim relative to the imposition of consecutive sentences in this case, regardless of whether it qualifies as having been waived or previously determined, *see* T.C.A. § 40-30-106(g), (h), would not be a cognizable claim for post-conviction relief, *see id.* § 40-30-103 ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.").

Accordingly, the judgment of the trial court summarily dismissing the amended petition for post-conviction relief is reversed, and the case is remanded to the post-conviction court for an evidentiary hearing to determine whether appellate counsel performed deficiently when handling the delayed direct appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE